# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WILLIE ROGERS,<br>    Petitioner, | Civil Action No. 1:10-cv-397 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| WARDEN, WARREN CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, an inmate in state custody at the Warren Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss, petitioner's response in opposition, and petitioner's traverse. (Docs. 9, 11, 12).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On November 9, 2006, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with three counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), with specifications, and four counts of robbery in violation of Ohio Rev. Code § 2911.01(A)(2). (Doc. 9, Ex. 1). Through counsel, petitioner entered a plea of not guilty on all counts. (Doc. 9, Ex. 2).

On March 8, 2007, the jury found petitioner guilty of two counts of aggravated robbery with firearm specifications and two counts of robbery. (Doc. 9, Ex. 3). Petitioner was acquitted

of one count of aggravated robbery and one count of robbery. (Doc. 9, Ex. 4). One count of robbery was dismissed without prejudice. (Doc. 9, Ex. 5). On March 22, 2007, petitioner was sentenced to a term of imprisonment totaling twelve years. (Doc. 9, Ex. 6).

## State Direct Appeal

Through different counsel, petitioner filed a timely appeal to the Ohio Court of Appeals. (Doc. 9, Ex. 7). Petitioner alleged two assignments of error. First, he claimed that he was denied effective assistance of counsel because his trial attorney conceded his presence and participation in a robbery during the opening statement, when petitioner would later testify that he was not present during the commission of the offense. (Doc. 9, Ex. 8). Second, petitioner claimed he was denied his right to confront witnesses when the trial court prohibited cross-examination regarding the amount of potential prison time avoided by co-defendants in exchange for their testimony. *Id.* On February 6, 2008, the Court of Appeals affirmed the judgment of the trial court, finding that petitioner had failed to demonstrate ineffective assistance of counsel and that he was not denied his right to confront witnesses, as he was given ample opportunity to explore the issue of bias on the part of his co-defendants. (Doc. 9, Ex. 10).

## Application to Reopen Appeal

On August 25, 2009, petitioner filed an untimely pro se application to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B). (Doc. 9, Ex. 11). Petitioner claimed that his appeal should be reopened because his appellate counsel was ineffective. *Id.* Specifically, petitioner alleged that his appellate counsel had failed to contact petitioner or his family, who had information to prove that his trial counsel was ineffective, failed to raise the claim that petitioner's statements should have been suppressed due to a *Miranda* violation, and failed to raise the claim regarding the separation of co-defendant witnesses. *Id.* Petitioner argued that he

had good cause for the late filing because it took nearly a year for him to obtain trial transcripts. *Id.* On September 24, 2009, the court overruled his application to reopen, finding that petitioner "failed to provide sufficient reasons for failure to timely file" and that his application lacked a certificate of service as required by Ohio Appellate Rule 13. (Doc. 9, Ex. 13).

### Ohio Supreme Court

On November 9, 2009, petitioner filed a pro se appeal to the Ohio Supreme Court. (Doc. 9, Ex. 14). Petitioner asserted the following propositions of law:

> I. The police violated appellant[']s constitutional rights when [a] detective questioned appellant about alleged offenses before reading appellant his [Mi]randa rights [and] th[e]n us[ed] appellant[']s statements against him.
>
> II. Trial court err[ed] and failed to protect appellant[']s rights of separation of witnesses.
>
> III. Deficient performanc[e] of appell[ate] counsel when he omitted significant and obvious issues in appellant[']s appeal.

(Doc. 9, Ex. 15). On December 30, 2009, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 9, Ex. 17).

### Federal Habeas Corpus

The instant federal habeas corpus action was filed with the Court on June 6, 2010. (Doc. 1). Petitioner alleges three grounds for relief:

> **Ground One:** Forest Park police detectives failed to give Willie Rogers his Miranda rights when they arrested him at his home while interrogating him.
>
> **Supporting Facts:** The police arrested Rogers at his home, once in custody they started a field interrogation, they questioned him about alleged offenses and events, he was questioned about some robberies that occurred in March 2006, and about two persons who implicated Rogers, Harris and Orr, before questioning Rogers the police should have warned him about his right to remain silent, and his right to counsel, and his protection against self-incrimination, the police did admit in their testimony in the trial court that they read him his Miranda warning at the police station, and at that time Rogers signed a waiver of the Miranda warning. This was well after he was arrested and interrogated at his home. The Forest Park

3

>Police detectives actions against Willie Rogers denied him of his rights as a United States citizen, whether this was done by error or design, it was wrong, and unjust, and against the laws that United States Citizens are protected by. By the time he was given Miranda warnings at the police station his right to remain silent, his right to counsel, and his protection against self-incrimination had been jeopardized and trampled upon. Most likely with Rogers never having any dealings with the criminal justice system before in his life time, and the trauma of being arrested, and the police not being straight forward at the time of his arrest by reading him his rights, made it easy for Detective Pape to manipulate Rogers into signing the waiver of Miranda, and the letter of apology that was used against him as a confession, that the detective through deception had him write to his family and the victims, which was self-incriminating, without the Miranda warning from the very beginning of the interrogation that started at his home, Rogers was confounded and mislead, many of the same questions that were asked at his home were later asked again at the police station, and were used against him to convict him, and responsible for him being held in violation of the Constitution, laws, or treaties of The United States.
>
>**Ground Two:** Trial court erred and failed to protect defendants right of separation of witnesses during trial.
>
>**Supporting Facts:** Trial lawyer failed to move the court for a mistrial the day that state witnesses Shawn Orr, was allowed in the holding cell with co-defendant Harris for two hours inside the courthouse, discussing and tailoring testimony between themselves.
>
>**Ground Three:** Deficient performance of Appellant Counsel.
>
>**Supporting Facts:** Appellant counsel was deficient when he omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker, Appellant counsel's performance fell below an objective standard of reasonable performance.

(Doc. 1).

On December 15, 2010, respondent filed a motion to dismiss the petition. (Doc. 9). In the motion, respondent contends that the petition is procedurally defaulted and subject to dismissal because the grounds petitioner advances in the instant petition were submitted to the state courts in an untimely application under Ohio App. R. 26(B). (Doc. 9). Petitioner opposes the motion to dismiss. (Docs. 11, 12). Petitioner claims that failure to remedy the constitutional violations would result in a miscarriage of justice. *Id.*

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1)(c). *See also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

> The doctrine of procedural default provides:
>
> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate *cause* for the default, and *actual prejudice* as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a *fundamental miscarriage of justice*.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985). *See also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). A state ground is "adequate and independent" if it is "firmly established and regularly followed." *Rideau v. Russell*, 342 F.App'x 998, 1002 (6th Cir. 2009) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing

6

*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n.9. *See also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality opinion) ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9. Where the last reasoned opinion addressing a claim explicitly relies on a procedural default, it is presumed that the last state court judgment summarily dismissing that claim likewise relied on the procedural bar. *Ylst,* 501 U.S. at 803 (1991); *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Rust*, 17 F.3d at 161; *Simpson*, 94 F.3d at 203.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750. *See also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

**Petitioner defaulted his claim of ineffective assistance of appellate counsel with his untimely Rule 26(B) application.**

In the instant case, petitioner procedurally defaulted his claims of ineffective assistance of appellate counsel with his untimely Ohio Rule of Appellate Procedure 26(B) application.

Rule 26(B) provides that:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided *within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.*

(emphasis added.). The Ohio Court of Appeals journalized its judgment on February 6, 2008. (Doc. 9, Ex. 10). Pursuant to Rule 26(B), petitioner was required to file his application for reopening by May 6, 2008, ninety days later. Petitioner filed his application for reopening on August 25, 2009, well beyond the limit prescribed by Rule 26(B). The court denied petitioner's motion as untimely, citing two Ohio Supreme Court cases affirming the denial of applications to reopen based on failure to comply with the Rule 26(B) filing deadline, and found that petitioner failed to provide sufficient cause for the late filing.[1] (Doc. 9, Ex. 13). Accordingly, the first and second *Maupin* factors are satisfied.

The court's denial of the application for failure to comply with Rule 26(B) satisfies the third *Maupin* factor as well, since the denial was based on an adequate state ground involving a firmly established and regularly followed state practice. *Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010) ("[w]e have repeatedly concluded that Rule 26(B) was both 'firmly established' and 'regularly followed' as applied in non-capital cases [since] 1998"); *Coleman v. Mitchell*, 344 F.3d 533, 540 (6th Cir. 2001) (finding petitioner's claim to be procedurally defaulted and rejecting argument that Rule 26(B) is not a firmly established and regularly followed procedural rule). *See also Fautenberry v. Mitchell*, 515 F.3d 614, 640-41 (6th Cir. 2008); *Wickline v. Mitchell*, 319 F.3d 813, 823 (6th Cir. 2003). Therefore, the third *Maupin*

---

[1] In addition, the court *sua sponte* noted that petitioner's application lacked a certificate of service as required by Ohio App. R. 13.

8

factor is satisfied and petitioner has procedurally defaulted his claim for relief.

### Petitioner's remaining claims are procedurally defaulted under the doctrine of *res judicata* because he failed to raise the claims on direct appeal.

Petitioner's claims regarding the separation of co-defendant witnesses and alleged *Miranda* violation are procedurally defaulted because petitioner failed to raise the claims on direct appeal to the Ohio Court of Appeals and is now barred from doing so.[2] Petitioner therefore waived these claims under state procedural law. *See Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied*, 546 U.S. 821 (2005) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)). *See also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). This state procedural law is an adequate and independent state ground which forecloses this Court's review of petitioner's federal constitutional claims in the absence of a showing of cause and prejudice. *Id.*

### Petitioner has not demonstrated sufficient cause or prejudice to overcome his procedural defaults nor will a fundamental miscarriage of justice result if his claims are not considered on the merits.

Since petitioner has defaulted his federal claims in state court pursuant to independent and adequate state procedural rules, federal habeas review of the claims is barred unless petitioner can demonstrate cause for the defaults and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to

---

[2] "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 106 (1967) (syllabus).

comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. "Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing that a factual or legal basis for a claim was not previously available." *Wilson v. Hurley,* 382 F.App'x 471, 478 (6th Cir. 2010) (citing *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991)). The petitioner's pro se status, ignorance of the law or procedural requirements, or limited access to legal materials does not constitute cause. *Rahe v. Jackson*, No. 2:09-cv-098, 2010 WL 3656051, at *14 (S.D. Ohio July 29, 2010) (citing *Bonilla*, 370 F.3d at 498).

In this case, petitioner has failed to satisfy the cause standard for overcoming his procedural defaults. As "cause" for the untimely Rule 26(B) application, petitioner argues that "[t]he state of Ohio and its subsidiary associates in the Judicial District of Hamilton County, made it very burdensome for the defendant and his family" to obtain trial transcripts, noting that it took petitioner "very close to a year" to obtain them. (Doc. 9, Ex. 11, p. 4). District courts have generally found that lack of access to transcripts is not sufficient cause to excuse the procedural default of a Rule 26(B) application. *See, e.g., Thompson v. Anderson*, No. 1:08-cv-2913, 2010 WL 4025936, at *7 (N.D. Ohio Mar. 19, 2010); *Rahe v. Jackson*, No. 2:09-cv-098, 2010 WL 3656051, at *13-14 (S.D. Ohio July 29, 2010); *Grant v. Hudson*, No. 1:08-cv-815, 2010 WL 5186432, at *5 (N.D. Ohio Nov. 23, 2010); *Parker v. Bagley*, No. 1:01-cv-1672, 2006 WL 2589001, at *8 (N.D. Ohio Sept. 6, 2006). A finding to the contrary is especially unwarranted in this case as petitioner has failed to identify any specific external factor that impeded his ability to obtain transcripts and file a timely application. In addition, even if petitioner was prevented from obtaining transcripts for approximately a year, he has failed to account for his filing the application one year, six months and nineteen days after the journalization of his direct appeal. Accordingly, petitioner has not demonstrated sufficient cause

to overcome his procedural default.

Since petitioner's ineffective assistance of appellate counsel claim is itself procedurally defaulted and he has not shown adequate cause to overcome the default, petitioner is unable to rely on the ineffective assistance of appellate counsel as "cause" for procedurally defaulting his remaining claims. *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000); *Richey v. Mitchell*, 395 F.3d 660, 679 (6th Cir. 2005); *Lancaster v. Adams*, 324 F.3d 423 437-38 (6th Cir. 2003).[3]

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural defaults, petitioner must "support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327-28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal

---

[3] Since petitioner must establish both cause and prejudice to excuse his procedural defaults, petitioner's failure to demonstrate cause eliminates the need to consider prejudice. *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).

11

insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as he has not supported his allegations of constitutional error with any new evidence of innocence. Petitioner's response in opposition and traverse focus solely on his constitutional claims, arguing that failure to rectify the alleged constitutional violations, in and of itself, would result in a miscarriage of justice. (*See* Docs. 11, 12). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316. Therefore, petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice" exception. Accordingly, the Court is unable to reach the merits of his constitutional claims.

Accordingly, in sum, the Court concludes that petitioner has procedurally defaulted his claims for relief by failing to comply with Ohio Appellate Rule 26(B) and the doctrine of *res judicata*. Because petitioner has not demonstrated "cause" for his procedural defaults or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, the undersigned concludes that petitioner has waived his claims for federal habeas relief. Therefore, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 9) be **GRANTED**, and petitioner's petition for writ of habeas corpus (Doc. 1), be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/8/2011

Karen L. Litkovitz
United States Magistrate Judge

rh

---

[4] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WILLIE ROGERS,<br>    Petitioner, | Civil Action No. 1:10-cv-397 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| WARDEN, WARREN CORRECTIONAL INSTITUTION,<br>    Respondent. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( *Printed Name* ) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Willie Rogers 547-326<br>Warren Corr. Inst.<br>PO Box 120<br>State Route 63 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? *(Extra Fee)* | ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8389 0972 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1: 10cv392 (Doc. 13)